IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ROOFR, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 21-1852 (RGA) <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT ROOFR INC.'S ANSWER AND COUNTERCLAIMS

Defendant Roofr, Inc. ("Roofr") hereby answers the Amended Complaint for Patent Infringement of Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. Roofr denies the allegations contained in the Amended Complaint unless expressly admitted herein.

### NATURE OF ACTION

1. Roofr admits that Plaintiffs brought an action for infringement of U.S. Patent Nos. 8,170,840 ("the '840 patent"), 9,183,538 ("the '538 patent"), and 10,648,800 ("the '800 patent") (together, the "Patents-in-Suit"). Roofr denies that Plaintiffs have any valid claim for infringement or are entitled to any relief.

2. Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, on that basis, denies them.

3. Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and, on that basis, denies them.

### PARTIES

4. Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and, on that basis, denies them.

5.      Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and, on that basis, denies them.

6.      Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and, on that basis, denies them.

7.      Roofr admits it is a corporation organized and existing under the laws of the State of Delaware.  Roofr denies the remaining allegations of Paragraph 7.

## JURISDICTION AND VENUE

8.      Roofr admits that this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a) and that this action purports to arise under the Patent Act, 35 U.S.C. § 1 *et seq*, but denies that it has infringed or is infringing any valid and enforceable claim of the Patents-in-Suit.

9.      Roofr does not contest whether this Court has personal jurisdiction over it in this case.  Roofr denies that it has committed or is committing acts of infringement.

10.     Roofr admits that venue is proper in this District under 28 U.S.C. § 1400(b).

## BACKGROUND: THE PATENTS-IN-SUIT

11.     Roofr admits that a purported copy of the '840 patent is attached to the Amended Complaint as Exhibit 1, that the '840 patent is entitled "Pitch Determination Systems and Methods for Aerial Roof Estimation," and that the patent issued on May 1, 2012.  Roofr lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 and, on that basis, denies them.

12.     Roofr admits that the '840 patent was subject to an IPR petition before the PTAB of the USPTO, of which the PTAB denied institution.  Otherwise denied.

13.     Roofr admits that a purported copy of the '538 patent is attached to the Amended Complaint as Exhibit 2, that the '538 patent is entitled "Method and System for Quick Square Roof

Reporting," and that the patent issued on November 10, 2015. Roofr lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 and, on that basis, denies them.

14.     Denied.

15.     Roofr admits that a purported copy of the '800 patent is attached to the Amended Complaint as Exhibit 3, that the '800 patent is entitled "System and Process for Roof Measurement Using Imagery," and that the patent issued on May 12, 2020. Roofr lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 and, on that basis, denies them.

16.     Denied.

17.     Denied.

18.     Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19.     Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20.     Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21.     Roofr lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22.     Roofr denies the allegations that the Patents-in-Suit are directed to patentable subject matter. Roofr lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 and, on that basis, denies them.

23.     Denied.

24. Denied.

25. Denied.

26. Roofr admits that Figure 4B of the '800 patent is reproduced in Paragraph 26. Roofr denies the remaining allegation of Paragraph 26.

## COUNT 1: INFRINGEMENT OF THE '840 PATENT

27. Roofr incorporates its responses to Paragraphs 1 through 26 above as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. The '840 patent speaks for itself. Otherwise denied.

32. Denied.

33. Roofr admits that the screenshots set forth in Paragraph 33 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

34. Roofr admits that the screenshots set forth in Paragraph 34 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

35. Roofr admits that the screenshots set forth in Paragraph 35 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

36. Roofr admits that the screenshots set forth in Paragraph 36 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT 2: INFRINGEMENT OF THE '538 PATENT

42. Roofr incorporates its responses to Paragraphs 1 through 41 above as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. The '538 patent speaks for itself.

47. Denied.

48. Roofr admits that the screenshots set forth in Paragraph 48 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

49. Roofr admits that the screenshots set forth in Paragraph 49 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

50. Roofr admits that the screenshots set forth in Paragraph 50 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

51. Roofr admits that the screenshots set forth in Paragraph 51 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

52. The '538 patent speaks for itself.

53. Denied.

54. The '538 patent speaks for itself.

55. Roofr admits that the screenshots set forth in Paragraph 55 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**COUNT 3: INFRINGEMENT OF THE '800 PATENT**

60. Roofr incorporates its responses to Paragraphs 1 through 59 above as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. The '800 patent speaks for itself.

65. Denied.

66. Roofr admits that the screenshots set forth in Paragraph 66 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

67. Roofr admits that the screenshots set forth in Paragraph 67 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

68. Roofr admits that the screenshots set forth in Paragraph 68 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

69. Roofr admits that the screenshots set forth in Paragraph 69 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

70. Denied.

71. Roofr admits that the screenshots set forth in Paragraph 71 appear to be reproduced from a Roofr YouTube tutorial. Otherwise denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

**JURY DEMAND**

Roofr is not required to respond to Plaintiffs' demand for a jury trial.

**PRAYER FOR RELIEF**

To the extent that a response is required to Plaintiffs' prayer for relief, Roofr denies that Plaintiffs are entitled to any judgment against Roofr or an order granting relief in any of the forms requested in parts A through H of the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Roofr, without any admission as to burden of proof and without prejudice to the denials set forth in its Answer, asserts the following defenses to the allegations in the Amended Complaint. Roofr reserves the right to supplement this Answer, including the right to assert additional defenses, as more information is learned through further investigation and/or discovery.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement of the '840 Patent)**

Roofr has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any claim of the '840 patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of the '840 Patent)**

The claims of the '840 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to, §§ 101, 102, 103, 112, and/or

any other judicially created requirements for patentability and enforceability of patents and/or the defenses recognized in 35 U.S.C. § 282.

**THIRD AFFIRMATIVE DEFENSE**
**(Non-Infringement of the '538 Patent)**

Roofr has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any claim of the '538 patent, either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '538 Patent)**

The claims of the '538 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to, §§ 101, 102, 103, 112, and/or any other judicially created requirements for patentability and enforceability of patents and/or the defenses recognized in 35 U.S.C. § 282.

**FIFTH AFFIRMATIVE DEFENSE**
**(Non-Infringement of the '800 Patent)**

Roofr has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any claim of the '800 patent, either literally or under the doctrine of equivalents.

**SIXTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '800 Patent)**

The claims of the '800 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to, §§ 101, 102, 103, 112, and/or any other judicially created requirements for patentability and enforceability of patents and/or the defenses recognized in 35 U.S.C. § 282.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim on Which Relief Can be Granted)**

Plaintiffs' Amended Complaint fails to state a claim on which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Plaintiffs' claims of infringement of the asserted patents are barred because, by virtue of statements and/or amendments made to the United States Patent and Trademark Office during the prosecution of the applications that led to the asserted patents, Plaintiffs are estopped from asserting a claim construction or range of equivalents that cover Roofr's accused products.

### NINTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Plaintiffs' claims of infringement of the asserted patents are barred in whole or in part by the doctrines of waiver, implied waiver, equitable estoppel, patent misuse, unfair competition, unclean hands, acquiescence, and/or other equitable doctrines.

### TENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

Plaintiffs' claims of infringement are limited in whole or in part by their failure to properly mark relevant products or require that relevant products be marked, or to provide notice of its claims of infringement, as required by 35 U.S.C. § 287. Plaintiffs' claims for relief are also limited, in whole or in part, by 35 U.S.C. §§ 286, 288, and 1498.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

Roofr has not engaged in any conduct that would constitute willful infringement or entitle Plaintiffs to an award of enhanced damages under 35 U.S.C. § 284.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Roofr has not engaged in any conduct that would make this case exceptional or entitle Plaintiffs to attorney fees and expenses under 35 U.S.C. § 285.

## THRTEENTH AFFIRMATIVE DEFENSE
**(Adequate Remedy at Law)**

Plaintiffs' prayer for injunctive relief is barred in light of the existence of an adequate remedy at law, to the extent that any remedy is determined to be justified.

## COUNTERCLAIMS

Roofr hereby alleges the following counterclaims against Plaintiffs:

## THE PARTIES

1. Upon information and belief, Eagle View Technologies, Inc. is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at 10800 NE 8th Street, Suite 300, Bellevue, WA 98004.

2. Upon information and belief, Pictometry International Corp. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 25 Methodist Hill Drive, Rochester, NY 14623.

3. Roofr is a Delaware corporation with a principal place of business at 645 Clayton Street, San Francisco, CA, 94117.

## JURISDICTION AND VENUE

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338 and 2201-02.

5. The Court has personal jurisdiction and venue over Plaintiffs because they consented to personal jurisdiction and venue by filing the Amended Complaint in this action.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,170,840

6.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

7.     Roofr is not infringing, has not infringed, and is not liable for any infringement of any valid and enforceable claim of the '840 patent, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner.  For example, the accused products do not infringe any asserted claim of the '840 patent at least because the accused products do not display "an aerial image of a building having a roof comprising a plurality of planar roof sections that each have a corresponding pitch," display "a pitch determination marker operable to indicate pitch of a planar roof section, wherein the pitch determination market is overlaid on the aerial image of the building having the roof," receive "based on the displayed pitch determination marker, an indication of the pitch of one of the plurality of planar roof sections of the roof of the building," or modify "a model of the roof based on the received indication of the pitch of the one planar roof section," as required by the claims of the '840 patent.

8.     Absent a declaration of non-infringement of the '840 patent, Plaintiffs will continue to assert claims against Roofr and will, in this way, continue to cause damage to Roofr's business and reputation.

9.     To resolve the issues raised by Plaintiffs and to afford relief from uncertainty and controversy that Plaintiffs' allegations have created, Roofr is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '840 patent.

10.    Accordingly, Roofr seeks a declaration that the claims of the '840 patent are not infringed.

## COUNT II
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,170,840

11. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

12. One or more of the claims of the '840 patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, and/or the rules, regulations, and laws related thereto, including without limitation §§ 101, 102, 103, and/or 112.

13. For example, the claims of the '840 patent are rendered obvious by a combination of: (i) U.S. Application No. 2009/0304227 ("Kennedy") and David M. Bailey, *Roofer: Steep Roofing Inventory Procedures And Inspection And Distress Manual for Asphalt Shingle Roofs*, U.S. Army Corps of Engineers, CERL Tech. Rept. (December 1999) ("Bailey"); (ii) Kennedy, Bailey, and *Pictometry: aerial photography on steroids*, LET Staff, Law Enforcement Technology (July 2002) ("Pictometry"); (iii) U.S. Application No. 2008/0262789 ("Pershing-789") and Kennedy; and/or (iv) Pershing-789, Kennedy, and Pictometry. Further, the claims of the '840 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting. D.I. 30.

14. Absent a declaration of invalidity and/or unenforcability of the '840 patent, Plaintiffs will continue to assert claims against Roofr and will, in this way, continue to cause damage to Roofr's business and reputation.

15. To resolve the issues raised by Plaintiffs and to afford relief from uncertainty and controversy that Plaintiffs' allegations have created, Roofr is entitled to declaratory judgment that the claims of the '840 patent are not valid and enforceable.

16. Accordingly, Roofr seeks a declaration that the claims of the '840 patent are not valid and enforceable.

## COUNT III
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,183,538

17. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

18. Roofr is not infringing, has not infringed, and is not liable for any infringement of any valid and enforceable claim of the '538 patent, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner. For example, the accused products do not infringe any asserted claim of the '538 patent at least because the accused products do not "determine a footprint and predominant pitch of the roof by analyzing one or more images showing the roof," determine or provide "an estimated roofing area" based on the "predominant pitch" and "footprint of the roof," or "generate a roof report for determination of an amount of materials needed for a construction project" that includes an image of the roof and "the estimated roofing area," as required by the claims of the '538 patent.

19. Absent a declaration of non-infringement of the '538 patent, Plaintiffs will continue to assert claims against Roofr and will, in this way, continue to cause damage to Roofr's business and reputation.

20. To resolve the issues raised by Plaintiffs and to afford relief from uncertainty and controversy that Plaintiffs' allegations have created, Roofr is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '538 patent.

21. Accordingly, Roofr seeks a declaration that the claims of the '538 patent are not infringed.

## COUNT IV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,183,538

22. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

23. One or more of the claims of the '538 patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, and/or the rules, regulations, and laws related thereto, including without limitation §§ 101, 102, 103, and/or 112.

24. For example, the claims of the '538 patent are rendered obvious by a combination of: (i) Pershing-789 and Bailey; (ii) Pershing-789, Bailey, and U.S. Application No. 2007/0220174 ("Abhyanker"); (iii) Kennedy and Bailey; and/or (iv) Kennedy, Bailey, and Abhyanker. Further, the claims of the '538 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting. D.I. 30.

25. Absent a declaration of invalidity and/or unenforcability of the '538 patent, Plaintiffs will continue to assert claims against Roofr and will, in this way, continue to cause damage to Roofr's business and reputation.

26. To resolve the issues raised by Plaintiffs and to afford relief from uncertainty and controversy that Plaintiffs' allegations have created, Roofr is entitled to declaratory judgment that the claims of the '538 patent are not valid and enforceable.

27. Accordingly, Roofr seeks a declaration that the claims of the '538 patent are not valid and enforceable.

## COUNT V
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,648,800

28. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

29. Roofr is not infringing, has not infringed, and is not liable for any infringement of any valid and enforceable claim of the '800 patent, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner. For example, the accused products do not infringe any asserted claim of the '800 patent at least because the accused products do not signal "a designation from a user of a building roof structure location within the first image, wherein the building roof sturcture location is a geographic position of the building roof structure and is different than the first location data," receive a "designation of the building roof structure," or signal "user-acceptance of the building roof structure location within the first image, wherein user-acceptance is one or more affirmative steps undertaken by the user to confirm the designation of the building roof structure location," as required by the claims of the '800 patent.

30. Absent a declaration of non-infringement of the '800 patent, Plaintiffs will continue to assert claims against Roofr and will, in this way, continue to cause damage to Roofr's business and reputation.

31. To resolve the issues raised by Plaintiffs and to afford relief from uncertainty and controversy that Plaintiffs' allegations have created, Roofr is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '800 patent.

32. Accordingly, Roofr seeks a declaration that the claims of the '800 patent are not infringed.

## COUNT VI
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,648,800

33. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

34. One or more of the claims of the '800 patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, and/or the rules, regulations, and laws related thereto, including without limitation §§ 101, 102, 103, and/or 112.

35. For example, the claims of the '800 patent are rendered obvious by a combination of: (i) Pershing-789 and Abhyanker; (ii) Pershing-789, Abhyanker, and Pictometry; and/or (iii) Kennedy, Abhyanker, and Bailey. Further, the claims of the '800 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting. D.I. 30.

36. Absent a declaration of invalidity and/or unenforcability of the '800 patent, Plaintiffs will continue to assert claims against Roofr and will, in this way, continue to cause damage to Roofr's business and reputation.

37. To resolve the issues raised by Plaintiffs and to afford relief from uncertainty and controversy that Plaintiffs' allegations have created, Roofr is entitled to declaratory judgment that the claims of the '800 patent are not valid and enforceable.

38. Accordingly, Roofr seeks a declaration that the claims of the '800 patent are not valid and enforceable.

## PRAYER FOR RELIEF

WHEREFORE, Roofr respectfully request the following relief:

A. A declaration that the '840 patent, the '538 patent, and the '800 patent are invalid;

B. A declaration that Roofr does not infringe any valid and enforceable claim of the '840 patent, the '538 patent or the '800 patent;

C. A judgment dismissing the Amended Complaint against Roofr with prejudice;

D. A judgment denying Plaintiffs any of the relief they have requested in the Amended Complaint;

E. A judgment declaring this case to be an exceptional case under 35 U.S.C. § 285 and awarding Roofr its costs and reasonable attorneys' fees in defending this action; and

F. Such other and further relief as the Court may deem just and proper.

## ROOFR'S DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Roofr hereby demands a trial by jury on all matters and issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Yury Kapgan
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000

Kevin P.B. Johnson
Dallas Bullard
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

Ron Hagiz
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

February 16, 2023

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Defendant Roofr, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 16, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| L. Kieran Kieckhefer, Esquire<br>SHEARMAN & STERLING LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA  94105<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Matthew G. Berkowitz, Esquire<br>Patrick Colsher, Esquire<br>Yue (Joy) Wang, Esquire<br>SHEARMAN & STERLING LLP<br>1460 El Camino Real, 2nd Floor<br>Menlo Park, CA  94025<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)