IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ROOFR, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 21-1852 (RGA) |

**DEFENDANT ROOFR INC.'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PENDING *INTER PARTES* REVIEW PROCEEDINGS**

OF COUNSEL:

Yury Kapgan
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Kevin P.B. Johnson
Dallas Bullard
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

Ron Hagiz
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

March 22, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Defendant Roofr, Inc.*

# **TABLE OF CONTENTS**

**Page**

I. Introduction ........................................................................................................................1

II. Nature and Stage of the Proceedings .................................................................................2

III. Summary of Argument .......................................................................................................2

IV. Statement of Facts ..............................................................................................................3

V. Legal Standards ..................................................................................................................3

VI. Argument ............................................................................................................................4

      A. The Potential Simplification Of Issues Is Speculative ............................................4

      B. The Early Phase Of This Litigation Weighs In Favor Of Deferring Entry Of A Stay Until The PTAB Issues Its Institution Decision ...................................6

      C. Issuing A Stay Prematurely Would Unduly Prejudice Roofr ...............................9

VII. Conclusion ........................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
   2016 WL 6594083 (D. Del. Nov. 7, 2016) ...........................................................................7, 9

*Adrain v. Vigilant Video, Inc.*,
   2012 WL 966200 (E.D. Tex. Mar. 21, 2012) ...........................................................................10

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
   2016 WL 558615 (D. Del. Feb. 11, 2016) ........................................................................5, 7, 8

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
   508 U.S. 83 (1993) ...................................................................................................................11

*Click-to-Call Techs. LP v. Ingenio, Inc.*,
   45 F.4th 1363 (Fed. Cir. 2022) ...................................................................................................5

*Copy Prot. LLC v. Netflix, Inc.*,
   2015 WL 3799363 (D. Del. June 17, 2015) ...............................................................................5

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
   2012 WL 987272 (N.D. Ill. Mar. 21, 2012) .............................................................................10

*HIP, Inc. v. Hormel Foods Corp.*,
   2019 WL 7667104 (D. Del. May 16, 2019) ...............................................................................6

*Invensas Corp. v. Samsung Elecs. Co.*,
   2018 WL 4762957 (D. Del. Oct. 2, 2018) ....................................................................3, 4, 5, 8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   2019 WL 3943058 (D. Del. Aug. 21, 2019) ...............................................................................6

*Message Notification Techs. LLC v. Microsoft Corp.*,
   2015 WL 13781851 (D. Del. Feb. 24, 2015) ..............................................................................7

*Monterey Research, LLC v. Nanya Tech. Corp.*,
   2021 WL 6502552 (D. Del. June 25, 2021) ...............................................................................5

*Novozymes N. Am., Inc. v. Danisco US Inc.*,
   2020 WL 12895020 (D. Del. Mar. 31, 2020) ........................................................................5, 8

*Profile GmbH v. Unilin Flooring N.C. LLC*,
   464 F. Supp. 2d 481 (D. Md. 2006) .........................................................................................10

*RideShare Displays, Inc. v. Lyft, Inc.*,
    2021 WL 7286931 (D. Del. Dec. 17, 2021)......................................................................6

*Tankovich v. Candela Corp.*,
    No. 22-1458, D.I. 19 (D. Del. Jan. 3, 2023) ...................................................................6

*Targus Int'l LLC v. Victorinox Swiss Army, Inc.*,
    No. 20-464, D.I. 146 (D. Del. Apr. 26, 2021)..................................................................6

*Ultramercial, Inc. v. Hulu, LLC*,
    772 F.3d 709 (Fed. Cir. 2014)........................................................................................11

*Universal Secure Registry, LLC v. Apple Inc.*,
    2018 WL 4486379 (D. Del. Sept. 19, 2018) ....................................................................8

**Statutory Authorities**

35 U.S.C. § 101....................................................................................................1, 2, 9, 10

35 U.S.C. § 314(b) ..........................................................................................................3

35 U.S.C. § 315(e)(2).......................................................................................................5

35 U.S.C. § 316(a)(11).....................................................................................................10

**Rules and Regulations**

37 C.F.R. § 42.107(b) ......................................................................................................3

**Additional Authorities**

*Median Disposition Time for Cases Decided by Merits Panels, United States Court of Appeals for the Federal Circuit*, https://cafc.uscourts.gov/wp-content/uploads/reports-stats/disposition-time/MedDispTimeMERITS-LineChart-FY22.pdf (Sept. 30, 2022) ................ 10

*PTAB Trial Statistics FY22 End of Year Outcome Roundup IPR, PGR*, USPTO, https://www.uspto.gov/sites/default/files/documents/ptab__aia_fy2022_roundup.pdf (last visited Mar. 22, 2023).................................................................................................. 7

I.  **INTRODUCTION**

Plaintiffs' request for a stay of the entire case pending *inter partes* review ("IPR") is premature. A stay will undoubtedly be warranted if and when the Patent Trial and Appeal Board ("PTAB") institutes IPR proceedings based on Roofr Inc.'s ("Roofr's") petitions—but those decisions on whether to institute are not expected until August 2023. Moreover, Roofr has filed a motion for judgment on the pleadings seeking dismissal of all claims the Court did not rule on in its order on Roofr's motion to dismiss (dismissing claim 1 of each asserted patent as patent ineligible under 35 U.S.C. § 101). *See* D.I. 30, 38. If granted, Roofr's motion would resolve this case in its entirety, without the need to wait over a year for resolution of the IPRs. Although Plaintiffs doubtlessly hope to prolong the life of the asserted patents—particularly when one is at issue in other litigation—Roofr has a strong interest in clearing the cloud of litigation that senselessly looms over its business. Moreover, the public has a strong interest in eliminating defective patents. There is no reason to delay ruling on the pending motion, especially while Roofr's IPR petitions have not yet been instituted.

Although Roofr does not oppose staying discovery and all other pre-trial deadlines pending a ruling on Roofr's motion, resolution of the IPR proceedings, or both, Roofr opposes staying the case in its entirety before the Court hears and decides Roofr's pending motion. Accordingly, Roofr respectfully requests that the Court either deny Plaintiffs' requested stay at least with respect to Roofr's pending motion for judgment on the pleadings, which will be fully briefed months before the PTAB is expected to issue institution decisions on Roofr's IPR petitions; or otherwise defer ruling on Plaintiffs' motion until after Roofr's motion for judgment on the pleadings has been resolved.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Pictometry International Corp. filed this lawsuit against Roofr on December 29, 2021, alleging infringement of U.S. Patent Nos. 10,648,800 (the "'800 patent") and 9,183,538 (the "'538 patent"). *See* D.I. 1. Pictometry subsequently amended its complaint, adding Eagle View Technologies, Inc. as a plaintiff and additionally asserting U.S. Patent No. 8,170,840 (the "'840 patent"). D.I. 12.

Roofr moved to dismiss the amended complaint, arguing that the claims of the asserted patents are patent ineligible, and thus invalid, under 35 U.S.C. § 101. D.I. 20. On January 19, 2023, the Court granted Roofr's motion as to claim 1 of each asserted patent, but declined to rule on the remaining claims because the "briefing [was] insufficient to support a determination that claim 1 of each asserted patent is representative of all remaining claims in each asserted patent." D.I. 30 at 3-4. Roofr subsequently moved for judgment on the pleadings as to the remaining claims in the asserted patents. D.I. 38. That motion remains pending.

On March 6, 2023, the Court entered a schedule. D.I. 41. A trial is set for April 7, 2025. *Id.*

## III.   SUMMARY OF ARGUMENT

1.   The potential simplification of issues remains speculative until the PTAB decides whether it will institute Roofr's IPR petitions. Thus, in light of Roofr's pending motion for judgment on the pleadings—which may resolve the case in its entirety before the PTAB even renders its institution decisions—the simplification of issues factor weighs against a stay of the entire case at this time.

2.   Because this case is in its very early stages, declining to issue a stay of the entire case until the PTAB decides to institute Roofr's IPR petitions would result in minor expenditure of resources—particularly if discovery is stayed or deferred until Roofr's motion for judgment

2

on the pleadings is decided. Moreover, Plaintiffs will have already filed a response to Roofr's pending motion for judgment on the pleadings by the time this Court has an opportunity to consider Plaintiffs' motion to stay, so the parties will have expended the vast majority of the resources necessary to potentially resolve this case in its entirety. Accordingly, the status of the litigation factor weighs against a stay of the entire case at this time.

3. Roofr would be prejudiced by the issuance of a stay prior to resolution of its motion for judgment on the pleadings, which may dispose of this action in its entirety. Specifically, Roofr's current and prospective vendors, customers, employees, and investors are aware of and undoubtedly concerned about the prospect of litigation; a years-long delay on Roofr's motion for judgment on the pleadings unnecessarily delays the opportunity for Roofr to demonstrate to those stakeholders that Plaintiffs' claims have no merit. Therefore, the prejudice to the non-movant factor also weighs against a stay of the entire case at this time.

**IV.   STATEMENT OF FACTS**

On January 3, 2023, Roofr filed petitions for IPR against all claims of the '800 patent and the '538 patent, and all but claims 26 and 27 of the '840 patent. *Roofr Inc. v. Pictometry Int'l Corp.*, IPR2023-00435, -436, -437 (P.T.A.B.). The PTAB will make its decision on whether to institute IPR no later than August 9, 2023—six months after the PTAB issued its notices of filing date on February 9, 2023. *Id.*; *see* 37 C.F.R. § 42.107(b) (preliminary response due three months after notice); 35 U.S.C. § 314(b) (institution decision must be made "within 3 months" of receiving a preliminary response or, if no response is filed, the "last date on which such response may be filed").

**V.   LEGAL STANDARDS**

"A court has discretionary authority to grant a motion to stay." *Invensas Corp. v. Samsung Elecs. Co.*, 2018 WL 4762957, at *2 (D. Del. Oct. 2, 2018). In determining how to

3

exercise this authority, courts in this district generally consider three factors: "(1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." *Id.*

## VI. ARGUMENT

As noted above, Roofr does not oppose staying discovery and all associated deadlines, whether those deadlines are stayed pending resolution of Roofr's pending motion for judgment on the pleadings or resolution of the pending IPR petitions. However, the three stay factors all weigh against a stay of the entire case (including Roofr's pending motion) at this juncture.

### A. The Potential Simplification Of Issues Is Speculative

Plaintiffs argue that granting a stay pending IPR would simplify the issues because claims under review in IPR proceedings will either be invalidated (and thereby removed from the case) or subject to estoppel (resulting in a narrowing of potential invalidity grounds). Br. 7-8. But Plaintiffs' arguments and cited cases typically only apply after IPR proceedings have been instituted. Because the PTAB has not yet decided whether to institute Roofr's IPR petitions—and will not for several months—any potential simplification based on the IPRs is entirely speculative. By contrast, Roofr's motion for judgment on the pleadings is likely to simplify the issues whether or not the PTAB institutes IPR proceedings. If the Court grants the motion in its entirety, then the entire case will be dismissed long before the IPRs are resolved. Even a partial grant of Roofr's motion may significantly simplify the issues or resolve the case without the need for costly discovery and trial—for example, if the only claims that survive the IPR process

4

are claims this Court has already determined are not patent eligible. Therefore, at this time, this factor weighs against issuance of a stay of the entire case (including Roofr's pending motion).

If the PTAB institutes Roofr's IPR petitions months from now, there is no doubt that a stay would simplify the issues for trial. As Plaintiffs note, the invalidation of any claims "would reduce the number of issues left to be litigated." Br. 7 (quoting *Monterey Research, LLC v. Nanya Tech. Corp.*, 2021 WL 6502552, at *1 n.1 (D. Del. June 25, 2021)). And even if claims survive IPR, litigation would "likely . . . be simplified due to the estoppel effect . . . of the PTAB findings relating to certain prior art." *Id.* at 7-8 (quoting *Monterey*, 2021 WL 6502552, at *1 n.1).

Critically, however, the PTAB has not yet determined whether Roofr's IPR petitions will be instituted. And "[u]nless the PTAB institutes IPR proceedings," any "alleged simplification of issues for trial rests on the mere 'speculation that such institution will occur.'" *Novozymes N. Am., Inc. v. Danisco US Inc.*, 2020 WL 12895020, at *2 (D. Del. Mar. 31, 2020) (citation omitted). If the petitions are not instituted, there is no potential simplification,[1] and "the asserted basis for a stay will fall away." *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC,* 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016).

Recognizing this, "[c]ourts within this district have generally held that this factor weighs against a stay when the PTAB has not yet decided whether to institute IPR proceedings." *Invensas*, 2018 WL 4762957, at *3; *see also Copy Prot. LLC v. Netflix, Inc.*, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) ("Generally, 'the simplification issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes

---

[1] If a petition is not instituted, estoppel does not apply. 35 U.S.C. § 315(e)(2) (estoppel extends to "inter partes review of a claim in a patent . . . that results in a final written decision"); *see also Click-to-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1369 (Fed. Cir. 2022) (noting that estoppel applies only to IPRs resulting in a final written decision).

review." (citation and quotations omitted)); *RideShare Displays, Inc. v. Lyft, Inc.*, 2021 WL 7286931, at *2 (D. Del. Dec. 17, 2021) (same). Indeed, "courts almost invariably deny requests for stay pending IPR proceedings when the stay requests are filed before the IPR is instituted." *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) (Bryson, J.) (collecting cases). And this Court has regularly denied pre-institution motions for stay without prejudice to renewing the motion after institution. *See, e.g.*, *Tankovich v. Candela Corp.*, No. 22-1458, D.I. 19 (D. Del. Jan. 3, 2023) ("The motion to stay . . . is DENIED without prejudice to renew if the IPR is instituted."); *Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, No. 20-464, D.I. 146 (D. Del. Apr. 26, 2021) ("The motion for a stay . . . is DENIED without prejudice to renewing the request if the IPR is instituted."); *see also HIP, Inc. v. Hormel Foods Corp.*, 2019 WL 7667104, at *1 (D. Del. May 16, 2019) (denying motion to stay before institution of IPR in part because there was a "fully-briefed case-dispositive motion" pending).

Accordingly, although instituted IPR proceedings would simplify the issues for trial, the IPR petitions at issue here have not yet been instituted, and any prospect of simplification rests on mere speculation. Roofr's pending motion, by contrast, is likely to simplify the issues for trial before the PTAB even renders its decisions. At a minimum, this factor weighs against a stay before Roofr's pending motion is decided.

### B. The Early Phase Of This Litigation Weighs In Favor Of Deferring Entry Of A Stay Until The PTAB Issues Its Institution Decision

Plaintiffs argue that because this action is in its early stages, this factor weighs in favor of a stay. Br. 8. But the case will remain in its early stages even if Roofr's motion for judgment on the pleadings is heard and decided before a potential stay takes effect, and is likely still to be in its early stages when the PTAB issues its institution decisions on or before August 9, 2023.

Because either of those points will better enable the Court to determine whether a stay is warranted, this factor weighs against a stay of the entire case.

The Court will know the PTAB's decision on institution less than five months from now. At that point, if the PTAB has instituted some or all of Roofr's IPR petitions, a stay of the entire case will be warranted for all the reasons identified by Plaintiffs.  But if the PTAB does not institute those petitions, there will be no basis for a stay.  In urging the Court to stay the case now, before this critical information is known, Plaintiffs state that "institution is likely" and rely on old statistics "show[ing] the PTAB elects to institute review in the majority of cases." *Id.* at 6 (quoting *Message Notification Techs. LLC v. Microsoft Corp.*, 2015 WL 13781851, at *1 n.4 (D. Del. Feb. 24, 2015)).  But although the PTAB once granted "review as to 'nearly all' of the IPR petitions" it received, *Advanced Microscopy*, 2016 WL 558615, at *2, the institution rate has since hovered around 60%—far from a certainty.[2]  As the likelihood of institution has declined, "the less reasonable it seems to stop a district court proceeding after it has started—only to perhaps be required to start it up again later if the PTAB issues an unfavorable decision to the petitioner." *Id*.  "A court's interest in efficiently managing its docket—and in making *one* good decision at *one* point when the key data is at hand—can be undermined by that kind of 'start and stop' process." *Id.*; *see also 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, 2016 WL 6594083, at *4 (D. Del. Nov. 7, 2016) (recognizing "the ideal time at which to file" a motion for stay pending IPR is generally "shortly after the PTAB issue[s] its decisions to proceed with a validity trial").

There is little cost, and substantial upside, to waiting until institution to issue a stay of the entire case.  The institution decision "will come before the parties expend significant resources

---

[2] *PTAB Trial Statistics FY22 End of Year Outcome Roundup IPR, PGR*, USPTO, https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2022_roundup.pdf (last visited Mar. 22, 2023).

on discovery or claim construction." *Novozymes*, 2020 WL 12895020, at *1; *see also Universal Secure Registry, LLC v. Apple Inc.*, 2018 WL 4486379, at *3 (D. Del. Sept. 19, 2018) (denying motion to stay because "it is more practical to allow preliminary construction activity to proceed while awaiting the PTAB's decision on whether to institute proceedings on [the] petitions"); *Advanced Microscopy*, 2016 WL 558615, at *1 (noting there is "good reason to believe that the PTAB's decision will come before the parties have engaged in a large-scale expenditure of resources"). That is particularly the case if the Court elects to stay discovery pending a decision on Roofr's motion for judgment on the pleadings. And the parties will have already fully briefed Roofr's motion by the time the Court considers Plaintiffs' motion to stay.[3]

Even if discovery is permitted while Roofr's motion is pending, by the time the PTAB issues its institution decisions (no later than August 9, 2023), the parties will have scarcely begun fact discovery, which does not close until May 8, 2024. D.I. 41 at 2. At that time, the parties will have exchanged only initial infringement and invalidity contentions and will not have even exchanged a list of claim terms for construction. *Id.* at 2-6. Initial *Markman* briefs will not be served until September 29, 2023, and the hearing is not scheduled until January 11, 2024. *Id.* at 7-8. Given the nascent stage of the case, putting the entire case on hold at this time "is likely less efficient than continuing on track through claim construction and discovery," as nothing suggests that proceeding "will unusually tax or waste the resources of the parties." *Invensas*, 2018 WL 4762957, at *4. Moreover, waiting until the institution decision may dispose of this matter in its entirety, as Roofr's case-dispositive motion for judgment of the pleadings is currently pending before the Court.

---

[3] Plaintiffs sought to stay briefing on Roofr's motion for judgment on the pleadings. D.I. 43. The Court denied Plaintiff's request. D.I. 44.

The early stage of this case counsels against staying the entire action before crucial information—*i.e.*, whether the PTAB will institute the IPR petitions—is known. Accordingly, at this time, this factor weighs against issuance of a stay of the entire case.

### C. Issuing A Stay Prematurely Would Unduly Prejudice Roofr

Plaintiffs argue that granting a stay at this time would cause Roofr no undue prejudice because Plaintiffs promptly filed their motion for a stay, and because any prejudice associated with delay would be suffered only by Plaintiffs, not Roofr. Br. 5-6. Plaintiffs also argue that although the IPRs have not yet been instituted, this does not unduly prejudice Roofr because "institution is likely" and Roofr "will suffer no prejudice in the period between the issuance of a stay and the institution decision." *Id.* at 6. To the contrary, issuing a stay now would prejudice Roofr by delaying resolution of Roofr's case-dispositive motion for judgment on the pleadings.

In assessing potential prejudice to the non-movant, courts in this district may consider: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *454 Life Scis.*, 2016 WL 6594083, at *4. The first factor is not relevant here, as Plaintiffs obviously did not file the IPRs. The remaining factors all weigh in favor of denying a stay of the entire case at this time.

Plaintiffs' request for a stay comes on the heels of the Court's January 19, 2023 ruling on Roofr's motion to dismiss, where it found that claim 1 of each asserted patent was ineligible under 35 U.S.C. § 101. D.I. 30. Because the Court "limit[ed] [its] opinion to deciding whether claim 1 of each asserted patent is patentable under § 101," *id.* at 4, Roofr subsequently moved for judgment on the pleadings with respect to the remaining claims in the asserted patents, D.I. 38. Although Roofr filed its IPR petitions on January 3, Plaintiffs first raised the prospect of a stay

9

pending IPR after the Court's adverse ruling, and at the same time Roofr expressed its intention to move for judgment on the pleadings.  *See* D.I. 37.

If a stay is entered now, Plaintiffs will avoid—at least temporarily—the potential invalidation of their remaining claims.  But any delay in disposing of this action prejudices Roofr, which has a strong interest in dispelling the cloud of infringement liability that hangs over its business.  *See, e.g.*, *Adrain v. Vigilant Video, Inc.*, 2012 WL 966200, at *2 (E.D. Tex. Mar. 21, 2012) (finding stay pending reexamination would prejudice defendants because they "have an interest in the timely resolution of patent infringement cases," as infringement allegations "loom[] over its day-to-day business activities"); *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 485 (D. Md. 2006) (finding stay pending reexamination would prejudice defendant because it would "leave the infringement suit hanging over [the defendant]'s operations"); *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 WL 987272, at *3 (N.D. Ill. Mar. 21, 2012) (similar).  The requested delay—through resolution of all appeals, Br. 8—would likely span several years.[4]  Throughout this delay, this litigation would hang over Roofr's head.  The pendency of the litigation itself affects Roofr's business relationships, impacts its ability to retain and attract investors and employees, and sows uncertainty among its customers.  In light of these issues, Roofr aims to vindicate its position as soon as possible. Moreover, "the public interest in eliminating defective patents" under § 101 "is an . . . 'important . . . concern,'" "which counsels strongly in favor of resolving subject matter eligibility"

---

[4] If the PTAB decides to institute the petitions, Final Written Decisions must be issued within a year.  35 U.S.C. § 316(a)(11).  This period may be extended by up to six months for good cause.  *Id.*  The resolution of appeals from those decisions could take well over a year.  *Median Disposition Time for Cases Decided by Merits Panels*, United States Court of Appeals for the Federal Circuit (Sept. 30, 2022), https://cafc.uscourts.gov/wp-content/uploads/reports-stats/disposition-time/MedDispTimeMERITS-LineChart-FY22.pdf (noting that median time from docketing to disposition is 13 months).

10

promptly. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 719 (Fed. Cir. 2014) (Mayer, J., concurring) (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 99 (1993)).

Because the PTAB has not yet decided whether to institute Roofr's IPR petitions, any potential simplification arising from a stay is speculative. *See supra* § VI.A. That speculative benefit must be weighed against the real possibility that the action may be completely resolved by Roofr's motion for judgment on the pleadings. Given that prospect, it would be prejudicial to issue a stay before its motion is resolved, particularly when Plaintiffs moved for a stay before institution.

As for the relationship between the parties, Plaintiffs acknowledge that Roofr and Plaintiffs are competitors. Br. 5-6. But despite Plaintiffs' suggestion to the contrary, for the reasons discussed above, Roofr would be prejudiced by a delay in the potential resolution of this litigation in its entirety. *See supra*.

Because Plaintiffs' request for a stay would serve to avoid a ruling on Roofr's case-dispositive motion for judgment on the pleadings, Roofr would be unduly prejudiced by a stay. Accordingly, at this time, this factor weighs against a stay.

## VII. CONCLUSION

For the foregoing reasons, Roofr respectfully requests that the Court deny Plaintiffs' motion to stay without prejudice.

OF COUNSEL:

Yury Kapgan
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Kevin P.B. Johnson
Dallas Bullard
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

Ron Hagiz
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

March 22, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
_____
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Defendant Roofr, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 22, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| L. Kieran Kieckhefer, Esquire<br>SHEARMAN & STERLING LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA  94105<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Matthew G. Berkowitz, Esquire<br>Patrick Colsher, Esquire<br>Yue (Joy) Wang, Esquire<br>SHEARMAN & STERLING LLP<br>1460 El Camino Real, 2nd Floor<br>Menlo Park, CA  94025<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)