IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP. <br><br> Plaintiff, <br><br> v. <br><br> ROOFR INC., <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 21-1852-RGA ) ) ) ) ) ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING <u>*INTER PARTES* REVIEW PROCEEDINGS</u>**

OF COUNSEL:
L. Kieran Kieckhefer
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
(415) 616-1100

Matthew G. Berkowitz
Patrick Colsher
Yue (Joy) Wang
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
(650) 838-3600

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

Dated: March 29, 2023

## Table of Contents

I. Introduction ........................................................................................................................1

II. Argument ...........................................................................................................................1

    A. Roofr Would Not Be Unduly Prejudiced By A Stay. ...............................................1

    B. A Stay Would Simplify The Issues And Promote Judicial Economy. ....................2

    C. The Stage Of Proceedings Weighs In Favor Of A Stay Now. .................................4

III. Conclusion ..........................................................................................................................5

## Table of Authorities

Page(s)

**Cases**

*Ameranth, Inc. v. Domino's Pizza, LLC*,
   792 F. App'x 780 (Fed. Cir. 2019) ............................................................................................4

*Canatelo LLC v. Axis Commc'ns AB*,
   2014 WL 12774920 (D. Del. May 14, 2014)..............................................................................2

*Hantz Software, LLC v. Sage Intacct, Inc.*,
   2023 WL 2569956 (Fed. Cir. March 20, 2023) .........................................................................4

*Invensas Corp. v. Samsung Elecs. Co.*,
   2018 WL 4762957 (D. Del. Oct. 2, 2018) .............................................................................4, 5

*Message Notification Techs. LLC v Microsoft Corp.*,
   2015 WL 13781851 (D. Del. Feb. 24, 2015).............................................................................2

*Vehicle IP LLC v. Wal-Mart Stores, Inc.*,
   2010 WL 4823393 (D. Del. Nov. 22, 2010) ..............................................................................3

Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView" or "Plaintiffs") respectfully submit this Reply in support of their Motion (D.I. 35) to stay this case until the conclusion of, including exhaustion of all appeals from, *Inter Partes* Review ("IPR") proceedings before the U.S. Patent and Trademark Office Trial and Appeal Board ("PTAB") challenging several asserted claims of each of U.S. Patent Nos. 10,648,800 (the "'800 patent"), 9,183,538 (the "'538 patent"), and 8,170,840 (the "'840 patent") (collectively, "the Asserted Patents"), as petitioned by Defendant Roofr, Inc. ("Roofr").

## I.  INTRODUCTION

Roofr's opposition brief confirms that this case should be stayed pending the IPRs it filed because Roofr agrees with all but one aspect of EagleView's requested stay. Roofr's only basis for opposing EagleView's Motion is its desire to take one last shot at EagleView before proceedings are stayed, in the form of a Rule 12(c) motion that would require significant judicial resources to resolve. Roofr should not be permitted to pick and choose the scope and timing of a stay to benefit itself at the Court's and EagleView's expense. The Court should stay the case now, before the parties or the Court invest more resources in this case, and permit the IPRs that Roofr initiated to run their course.

## II.  ARGUMENT

Each of the three factors governing a motion to stay—(1) undue prejudice to the non-moving party, (2) simplification of issues for trial, and (3) stage of the litigation—as well as general interest in conserving judicial resources, weighs in favor of a stay.

### A.  Roofr Would Not Be Unduly Prejudiced By A Stay.

Roofr asserts that a stay would be appropriate if IPR proceedings are instituted (D.I. 47 at 1), which demonstrates that it would not be prejudiced by waiting until the conclusion of those proceedings to litigate this case. Meanwhile, Roofr would remain free to compete against

EagleView in the market, notwithstanding EagleView's infringement allegations. Should the PTAB deny institution of the IPRs, this case would only be stayed for a little over four months, which would not unduly prejudice Roofr. *See Message Notification Techs. LLC v Microsoft Corp.*, C.A. No. 13-1881-GMS, 2015 WL 13781851, *1 n.4 (D. Del. Feb. 24, 2015) ("[S]hould the PTAB deny [the] petition, a brief stay would not unduly prejudice [the non-moving party]."). Thus, the "prejudice" factor weighs in favor of a stay. *See also* D.I. 36 at 5-7.

Roofr argues that a stay "would prejudice Roofr by delaying resolution of Roofr's case-dispositive motion for judgment on the pleadings" and prevent it from "dispelling the cloud of infringement liability that hangs over its business." D.I. 47 at 9-10. But in stating that "a stay will undoubtedly be warranted if and when the [PTAB] institutes IPR proceedings" (*id.* at 1) even though such a stay "would likely span several years" (*id.* at 10), Roofr acknowledges that it is willing to live with any such "cloud" over its business. Essentially, Roofr is content to wait, so long as its own defenses are moving towards resolution, and it is happy to simultaneously obstruct the advancement of EagleView's case. *See id.* at 1 (proposing to stay everything except Roofr's own pending motion). Moreover, after having chosen to open a second front before the PTAB, Roofr asks this Court to continue investing judicial resources that again only accrue to Roofr's benefit. The fact that staying the case now would prevent Roofr from receiving such unfair tactical advantages does not amount to undue prejudice.

B. A Stay Would Simplify The Issues And Promote Judicial Economy.

Roofr agrees "there is no doubt that a stay would simplify the issues for trial" if the PTAB institutes IPR. D.I. 47 at 5. Although the IPRs have yet to be instituted, that potential for simplification remains and, in light of the other factors, weighs in favor of a stay. *See also Canatelo LLC v. Axis Commc'ns AB*, C.A. No. 13-1227-GMS, 2014 WL 12774920, *1 n.2 (D.

2

Del. May 14, 2014) (holding the PTAB "has yet to indicate whether it will grant defendants petitions, but this is not dispositive"); D.I. 47 at 7-8.

Roofr argues that simplification is speculative because the IPRs have not been instituted, but that should not preclude a stay here. To conserve judicial resources, the Court should stay the case now, pending the PTAB's decision—and if the PTAB denies institution, then there has been little harm done from four months this case is stayed. Moreover, Roofr presumably filed its IPRs because it was confident in its chances of securing institution; the fact that it is now downplaying its odds (D.I. 47 at 7) reveals that Roofr is simply seeking an improper tactical advantage. As previously noted, courts typically deny stays before an institution decision because *the patentee* opposes a stay, D.I. 36 at 6-7, which is opposite of the situation here.

Roofr also argues that its Rule 12(c) motion is likely to simplify the issues but that is (1) irrelevant to the stay analysis and (2) speculative. In deciding a motion to stay, the court asks "whether a stay will simplify the issues for trial," not whether the case would be simplified in the absence of a stay. *See, e.g., Vehicle IP LLC v. Wal-Mart Stores, Inc.*, C.A. No. 10-503-SLR, 2010 WL 4823393, *1 (D. Del. Nov. 22, 2010). Of course a case will gradually be simplified and streamlined for trial if the litigation is permitted to proceed. If that were a relevant argument, then it would always be present and always weigh against a stay. The proper question is whether a stay will simplify the issues and eliminate some of that work for the Court—and the answer here is "yes."

In addition, Roofr can only speculate that its Rule 12(c) motion will simplify the issues. As EagleView has shown in its opposition (D.I. 48), there are significant reasons that the remaining claims—both independent and dependent—should survive Section 101. Moreover, it would require substantial investment of judicial resources for the Court to achieve any potential

3

simplification. Roofr is now asking the Court to address sixty claims—twenty times the number of claims addressed in the Court's prior order.[1] The Court has yet to analyze the parties' briefing; and neither the parties nor the Court have yet invested resources in preparing for oral argument. Contrary to Roofr's argument, the pending Rule 12(c) motion weighs in favor of staying the case now, to conserve judicial resources, or at least deferring ruling on Roofr's motion.

### C. The Stage Of Proceedings Weighs In Favor Of A Stay Now.

This case is currently at an early stage, with discovery yet to begin—the best time for a stay. *See also* D.I. 36 at 8. Roofr's argument that the case "will remain in its early stages" in August 2023, when the PTAB issues its institution decisions, both is wrong and does not counsel against a stay now. Contrary to Roofr's characterization, the case will be significantly farther along if the Court waits until August 2023. Under the current scheduling order (D.I. 41), EagleView will have identified the accused products on April 6, Roofr will have produced its core technical documents on May 8, EagleView will have served its initial infringement contentions on June 21, and Roofr will have served invalidity contentions on August 2. And, the parties likely will have begun analyzing the issues attendant to exchange of terms for claim construction on August 18. Each of those steps requires significant investment by one or both parties—work that may be rendered unnecessary depending on the outcome of the IPRs.[2] Roofr's *Invensas* case (D.I.

---

[1] Roofr's motion may also be asking the Court to waste resources on claims over which the Court does not even have jurisdiction. *See Ameranth, Inc. v. Domino's Pizza, LLC*, 792 F. App'x 780, 782-785 (Fed. Cir. 2019) (finding district court lacked jurisdiction over and vacating judgment as to claims not asserted against the defendant-appellee); *Hantz Software, LLC v. Sage Intacct, Inc.*, No. 2022-1390, 2023 WL 2569956 (Fed. Cir. March 20, 2023) (same). Under *Ameranth* and *Hantz*, the Court's jurisdiction depends on which claims EagleView asserts, which will not be identified until June 21, 2023 under the current scheduling order (D.I. 41).

[2] Thus, Roofr is wrong that a stay will "undoubtedly be warranted" upon institution (D.I. 47 at 1), since the "stage of the proceedings" factor will look significantly different at that point. It is premature to decide the merits of a different stay than the one EagleView has requested.

47 at 8) is distinguishable, because there the court found that "fact discovery is substantially underway and claim construction briefing is complete." *Invensas Corp. v. Samsung Elecs. Co.*, No. CV 17-1363-MN-SRF, 2018 WL 4762957, *4 (D. Del. Oct. 2, 2018).  Here, the opposite is true.  Thus, the early stage of the case weighs in favor of a stay.

### III.   CONCLUSION

For the foregoing reasons, EagleView respectfully requests that the Court grant its motion to stay this case pending conclusion, and exhaustion of all appeals, of *Inter Partes* Review proceedings of the '800 patent, '538 patent, and the '840 patent.

|  |  |
|---|---|
| OF COUNSEL:<br>L. Kieran Kieckhefer<br>SHEARMAN & STERLING LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>(415) 616-1100<br><br>Matthew G. Berkowitz<br>Patrick Colsher<br>Yue (Joy) Wang<br>SHEARMAN & STERLING LLP<br>1460 El Camino Real, 2nd Floor<br>Menlo Park, CA 94025<br>(650) 838-3600<br><br>Dated: March 29, 2023 | /s/ Andrew E. Russell<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.* |